PROB 12
(Rev. 11/04)

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# United States District Court
for
CENTRAL DISTRICT OF CALIFORNIA

U.S.A. VS. SANGBIN STEDE LEE                                  Docket No. CR04-01431-GPS

**Petition on Probation and Supervised Release (Bench Warrant)**

COMES NOW LORETTA S. MARTIN, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>SANGBIN STEDE LEE</u> who was placed on supervision by the Honorable <u>IRMA E. GONZALEZ</u> sitting in the Court at <u>San Diego</u>, California, on the <u>1st</u> day of <u>March, 2004</u> who fixed the period of supervision at <u>two years</u>, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows: **Jurisdiction was transferred to the Central District of California on October 13, 2004.**

(SEE ATTACHED COPY/COPIES OF JUDGMENT AND PROBATIONARY ORDER/ORDERS.)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
(If short insert here; if lengthy write on separate sheet and attach.)

(SEE ATTACHED PAGE)

**PRAYING THAT THE COURT WILL ORDER** issuance of a bench warrant addressed to any United States Marshal or any other authorized officer within the United States of America, requiring the detention and return of Sangbin Stede Lee before the United States District Court at Los Angeles, California, to show cause why the supervision order, heretofore entered, should be revoked.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. |
|---|---|
| Considered and ordered this 11th day of Oct, 2005 and ordered filed and made a part of the records in the above case. **GEORGE P. SCHIAVELLI** | Executed on September 27, 2005 <br> ALEX GUEVARA <br> U. S. Probation Officer |
| United States District Judge <br> GEORGE P. SCHIAVELLI | Place Studio City |

U. S. A. VS. SANGBIN STEDE LEE
Docket No. CR04-01431-GPS

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

It is alleged that the above-named supervised releasee has violated the terms and conditions of supervision to wit:

1. Having been instructed by the Probation Officer to refrain from the use of controlled substances and/or alcohol, on and August 23, 2005, Mr. Lee furnished a urine sample, which upon analysis, was found to contain cocaine; said specimen was confirmed by the Quest Diagnostics laboratory.

2. Having been ordered by the Court not to commit another Federal, state or local crime, on February 25, 2005, Mr. Lee was arrested by the Gardena Police Department for California Penal Code 647(f): Disorderly conduct/public intoxication. No criminal charges were filed.

3. Having been instructed by the Court to notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer, Mr. Lee failed to report his February 25, 2005, arrest for disorderly conduct/public intoxication, to the Probation Officer.

4. Having been instructed by the Probation Officer to attend all scheduled drug testing appointments at Detection Treatment Resources, Incorporated (DTR), Mr. Lee failed to report for urinalysis testing on August 19 and 31, 2005; and September 2, 7 and 8, 2005.

5. Having been instructed by the Probation Officer to attend all scheduled mental health counseling appointments with DTR, Mr. Lee failed to attend said counseling sessions on August 20 and 27, 2005; and September 3, 2005.

6. Having been ordered by the Court to report to the Probation Officer as directed and submit a truthful and complete written report within the first five days of each month, Mr. Lee failed to attend a scheduled office meeting with the Probation Officer on August 24, 2005, and failed to submit a monthly report for the month of August 2005.

7. Having been ordered by the Court to notify the Probation Officer at least 10 days prior to any change of residence, Mr. Lee failed to report changes in his residence and his current whereabouts are unknown.

8. Having been ordered by the Court to notify the Probation Officer at least 10 days prior to any change in employment, Mr. Lee failed to inform the Probation Officer of his change in employment on two occasions in August 2005.

9. Having been ordered by the Court to work regularly at a lawful occupation, Mr. Lee has not maintained regular employment during the period of supervision..